

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. W. Allen
District Attorney
52nd Judicial District
Hamilton, Texas

Dear Sir:

Opinion No. 0-6592

Re: Consideration of Opinion
No. 0-6462 as same is
affected by Senate Bill
No. 123, and other ques-
tions on fees of office,
ex-officio compensation,
"budget law," etc.

We have received your recent request for our opinion on the following questions:

"1.  Does the Commissioners' Court have the authority to alter the budget in a manner so as to increase the compensation allowed the Sheriff after submitting the same to the Controller after the first meeting in January?

"2.  May Hamilton County change from the fee system to the salary system at a time after the first regular meeting in January, it being a County under 20,000 population under the 1940 Federal census, and may one County office be changed to the salary system without changing all county offices to the same?

"3.  What is the maximum ex-officio compensation which may be allowed the Sheriff of Hamilton County under the provisions of S. B. 123, by Brown, and may the same be allowed at this time?  i. e. Does the 25%

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. W. Allen, page 2

provided for in said bill pertain to the
$1,000 ex-officio of Sec. two of Art. 3934,
or the maximum compensation of $3,000 al-
lowed under Arts. 3883 and 3891, Vernon's
Annotated Civil Statutes?"

Hamilton County is on a fee basis as that term is
used in respect to the mode of compensating its officials.

In a recent opinion (No. C-6462) of this department
addressed to the Honorable S. X. Allen, County Attorney of
Hamilton County, it was held that the total compensation the
Sheriff of said county was allowed to retain is Three Thousand
Dollars ($3,000.00) per year. This maximum compensation was
determined under the provisions of Article 3891, V. A. C. S.,
before the amendment of said article by Senate Bill No. 123
enacted by the 49th Legislature. Said Senate Bill No. 123
became effective as a law May 9, 1945, and is as follows:

"AN ACT amending Articles 3891, 3902 and Sections
13 and 15 of Article 3912e, Revised Civil Statutes
of Texas, 1925, as amended, allowing additional
compensation for certain district officers, county
and precinct officers, and for deputies, clerks
and assistants; repealing Section 2 of Article
3934, Revised Civil Statutes of Texas, 1925;
repealing all laws in conflict; and declaring
an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That Article 3891, Revised Civil
Statutes of Texas, 1925, as amended, be and the
same is hereby amended by adding thereto the fol-
lowing:

"'(a) The Commissioners' Court is hereby authorized,
when in their judgment the financial condition of the
county and the needs of the officers justify the in-
crease, to enter an order increasing the compensation
of the precinct, county and district officers in an
additional amount not to exceed twenty-five (25%) per
cent of the sum allowed under the law for the fiscal
year of 1944, provided the total compensation authorized
under the law for the fiscal year of 1944 did not ex-
ceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

Honorable H. W. Allen,   page 3

"Sec. 2.   That Article 3902, Revised Civil
Statutes, of Texas, 1925, as amended, be and the
same is hereby amended by adding thereto the
following:

"'9.   The Commissioners' Court is hereby author-
ized, when in their judgment the financial condi-
tion of the county and the needs of the deputies,
assistants and clerks of any district, county or
precinct officer justify the increase, to enter
an order increasing the compensation of such
deputy, assistant or clerk in an additional
amount not to exceed twenty-five (25%) per cent
of the sum allowed under the law for the fiscal
year of 1944, provided the total compensation
authorized under the law for the fiscal year
of 1944 did not exceed Thirty-six Hundred
($3600.00) Dollars.'

"Sec. 3.   That Section 13 of Article 3912e,
Revised Civil Statutes of Texas, 1925, as amended,
be and the same is hereby amended by adding there-
to the following:

"'(e)   The Commissioners' Court is hereby author-
ized, when in their judgment the financial condi-
tion of the county and the needs of the officers
justify the increase, to enter an order increasing
the compensation of the precinct, county and dis-
trict officers in an additional amount not to
exceed twenty-five (25%) per cent of the sum
allowed under the law for the fiscal year of
1944, provided the total compensation authorized
under the law for the fiscal year of 1944 did not
exceed the sum of Thirty-six Hundred ($3600.00)
Dollars.'

"Sec. 4.   That Section 15 of Article 3912e, Revised
Civil Statutes of Texas, 1925, as amended, be and
the same is hereby amended by adding thereto the
following:

"'(b)   The Commissioners' Court is hereby author-
ized, when in their judgment the financial condi-
tion of the county and the needs of the officers
justify the increase, to enter an order increasing

Honorable M. W. Allen, page 4

the compensation of the precinct, county and
district officers in an additional amount not
to exceed twenty-five (25%) per cent of the
sum allowed under the law for the fiscal year
of 1944, provided the total compensation au-
thorized under the law for the fiscal year of
1944 did not exceed the sum of Thirty-six
Hundred ($3600.00) Dollars.'

"Sec. 5. That Section 2 of Article 3934, Re-
vised Civil Statutes of Texas, 1925, be and the
same is hereby in all things repealed; and all
laws or parts of laws in conflict with the pro-
visions of this Act are hereby repealed insofar
as they conflict.

"Sec. 6. The fact that the cost of living is
rising and the purchasing power of the dollar
is decreasing, and that wages and salaries in
private industry have increased to an extent
that public officers and employees continue in
their offices at a sacrifice in many instances;
and the further fact of the crowded condition
of the calendar, creates an emergency and an
imperative public necessity that the Constitu-
tional Rule requiring bills to be read on three
several days in each House be suspended, and said
Rule is hereby suspended, and this Act shall take
effect and be in force from and after its passage,
and it is so enacted."

As the sum allowed under the law to the Sheriff of
Hamilton County for the fiscal year of 1944 was only Three
Thousand Dollars ($3,000.00), the next above amendment
authorizes an increase in this maximum of 25%, i. e., a
maximum of Three Thousand Seven Hundred and Fifty Dollars
($3,750.00).

Said Opinion No. O-6462 also held that the maximum
amount of ex-officio compensation that said Sheriff could
be allowed was One Thousand Dollars ($1,000.00) per year.
This limitation was determined under the provisions of
Section 2 of Article 3934, V. A. C. S., which since has
been expressly repealed by said Senate Bill No. 123. The

Honorable H. W. Allen, page 5

general provisions of Article 3895, V. A. C. S., must now be looked to in allowing ex-officio compensation to such Sheriff. Said Art. 3895 appears as follows:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

In the case of Taylor v. Brewster County, 144 S. W. (2d) 314, (error dismissed, judgment correct) the Court of Civil Appeals held that, conditions existing as provided in Art. 3895, the Commissioners' Court might validly make this allowance for ex-officio compensation and made the observation that "the time when the Commissioners' Court may make this allowance is not specified in Art. 3895."

Our Opinion No. O-6576 holds, in effect, that the salaries of officials affected by Senate Bill No. 123 may be raised at this time, with the caution that the "budget law" must be complied with. Article 3895 was definitely affected when the limitation imposed by Article 3934 was removed by the enactment of Senate Bill No. 123.

Said Opinion No. O-6462 further holds that the provisions of Sec. 2, Art. 3912e, V. A. C. S., are mandatory in effect, and that there is no authority for a commissioners' court to determine whether county officers shall be paid on a fee or salary basis at any time other than at its first regular meeting in January of each year. This provision has not been affected by any subsequent Act of the Legislature.

Honorable H. W. Allen,    page 6

Our Opinion No.    3045 of date April 24, 1939, holds
that a commissioners' court is without authority to place one
precinct officer upon a salary basis and leave other officers
upon a fee basis, stating that "the system must be uniform
and they must place all upon a salary basis or leave all upon
a fee basis." This holding has been consistently adhered to
by this department in regard to county officers also. That is,
that the commissioners' court in counties of less than 20,000
inhabitants according to the last preceding Federal census
must place all county officers upon a salary basis or leave
all such county officers upon a fee basis. This holding in
said opinion is not affected by the enactment of said Senate
Bill No. 123.

Our Opinion No. 0-5053-A holds that whether or not the
commissioners' court has the authority to amend the county
budget to take care of increase of salary for certain county
officials is a fact question to be determined primarily by the
commissioners' court. Opinion No. 0-5184 holds similarly.

In view of the above, we answer your questions as
follows:

Your question No. 1 is answered by our Opinion No.
0-5053-A.

Your question No. 2, both parts, is answered in the
negative.

Your question No. 3:  The maximum ex-officio compensa-
tion which may be allowed said Sheriff is any sum which, when
added to other compensation and excess fees allowed to be re-
tained by him under said Articles 3883 and 3891, does not
cause such officer to receive a total compensation in excess
of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00)
per year. In no event could the fees of office and ex-officio
compensation retained by him exceed the maximum of Three
Thousand Seven Hundred and Fifty Dollars ($3,750.00). In other
words, the maximum amount of compensation from any source which
he is allowed to retain cannot exceed Three Thousand Seven
Hundred and Fifty Dollars ($3,750.00) per year.

Such ex-officio compensation can be allowed at this
time provided the "budget law" is complied with as pointed out
in Opinion No. 0-5053-A.

Honorable H. W. Allen,   page 7

The 25% increase provided in Senate Bill No. 123 applies to the maximum compensation allowed under Articles 3883, and 3891, V. A. C. S.  Section 2 of Article 3934 has been repealed by said Senate Bill No. 123.

We are herewith enclosing copies of said Opinions Nos. 0-6462, 0-6576, -3045, 0-5053-A, and 0-5184.

We trust the foregoing fully answers your questions.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 2 , 1945

ATTORNEY GENERAL OF TEXAS

RLL:LJ
encls.

By Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN